IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CLAYTON R. ALLEN**, | |
| *Plaintiff,* | Civil Action No. _____ |
| v. | |
| **FAIRFAX COUNTY SCHOOL BOARD**, | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

## COMPLAINT

The Plaintiff, Clayton R. Allen, by and through his undersigned counsel, brings this action for unlawful discrimination and retaliation against the Defendant, Fairfax County Public School Board, governing body of Fairfax County Public Schools ("FCPS"), and alleges as follows:

## INTRODUCTION

1. This is a civil action is brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. § 4301 et seq., as amended by the Senator Elizabeth Dole 21st Century Veterans Healthcare and Benefits Improvement Act, Pub. L. No. 118-210 (the "Dole Act").

2. This action is also based on a wrongful denial of benefits leading to a wrongful discharge in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA), 38 U.S.C. §§ 4301-4335. USERRA forbids employers to deny "retention in employment, promotion, or any benefit of employment" to an employee based on that employee's military service, to include service in the Reserve components. 38

U.S.C. § 4311(a). If the employee's military service "is a motivating factor in the employer's action" in denying such things, the employer has violated USERRA. 38 U.S.C. § 4311(c)(1).

3. The Dole Act, enacted in 2024, expanded the employment protections and remedies available to service members under USERRA by strengthening anti-retaliation provisions to prohibit "any other retaliatory action" based on military service or the exercise of USERRA rights; authorizing injunctive relief at any stage of litigation without regard to the availability of back pay; increasing liquidated-damage penalties for willful violations and allowing 3% interest on back pay or lost benefit awards; and requiring that courts shall award reasonable attorney's fees to prevailing service members.

4. Plaintiff is a career music educator employed by Fairfax County Public Schools ("FCPS") since 2014 and an active servicemember of the U.S. Army National Guard.

5. Defendant Fairfax County School Board is the governing body of FCPS and a political subdivision of the Commonwealth of Virginia.

6. This action arises from personnel decisions taken between 2022 and 2025, including the August 9, 2023, transfer of Plaintiff from a secondary-level orchestra director position at Lake Braddock Secondary School to an elementary-level strings assignment and subsequent treatment affecting the terms and conditions of his employment.

7. Plaintiff alleges that these decisions were motivated, in whole or in part, by his race and by retaliation for his protected activity under Title VII, and that Defendant also discriminated and retaliated against him based on his military service in violation of USERRA.

8. Plaintiff seeks declaratory, injunctive, and monetary relief to remedy these statutory violations and to restore him to the position, pay, and professional standing he would have held absent the unlawful acts alleged.

9. The plaintiff demands trial by jury.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and 38 U.S.C. § 4323 (USERRA jurisdiction for actions against a state or political subdivision employer).

11. The Fairfax County School Board is the governing body of Fairfax County Public Schools ("FCPS"), a public school system and political subdivision of the Commonwealth of Virginia, headquartered at 8115 Gatehouse Road, Falls Church, Virginia.

12. Plaintiff Clayton R. Allen is a resident of Virginia and has been employed by FCPS since 2014 as a music educator and orchestra director.

13. The acts and omissions giving rise to this complaint occurred within the Eastern District of Virginia, specifically in Fairfax County, Virginia, where Plaintiff was employed, and within the Alexandria Division, which includes Fairfax County under Local Civil Rule 3.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the Defendant resides and conducts business in this district, and because a substantial part of the events or omissions giving rise to these claims occurred within this district.

15. Plaintiff timely exhausted his administrative remedies as required by Title VII by filing EEOC Charge (No. 570-2024-03247) against Fairfax County Public Schools on June 3, 2024. **[Exhibit 1].**

16. The Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and Notice of Rights dated August 7, 2025, authorizing Plaintiff to file a civil action within 90 days of receipt.

17. Plaintiff files this Complaint within the required ninety-day statutory period following receipt of the EEOC's Notice of Right to Sue.

18. Plaintiff separately brings claims under USERRA independently of administrative exhaustion, as USERRA claims are enforceable directly in federal district court.

## PARTIES

19. Plaintiff, Clayton R. Allen ("Plaintiff" or "Mr. Allen") is a natural person and citizen of the Commonwealth of Virginia.

20. Plaintiff has been continuously employed by Fairfax County Public Schools ("FCPS") since August 2014.

21. At all times relevant to this Complaint, Plaintiff was employed as a music educator and orchestra director within FCPS. From 2014 through August 2023, he served as Director of Orchestras at Lake Braddock Secondary School, 9200 Burke Lake Road, Burke, Virginia 22015.

22. Effective August 11, 2023, FCPS reassigned Plaintiff by administrative transfer to an elementary-level strings position based at Fort Belvoir Elementary School, 17401 Jefferson Davis Highway, Fort Belvoir, Virginia 22060, with additional itinerant duties at other FCPS elementary schools.

23. During all periods of FCPS employment, Plaintiff has also served as a member of the U.S. Army National Guard, performing federally protected military service and taking approved periods of military leave consistent with FCPS policy and federal law.

24. Defendant Fairfax County School Board ("Defendant" or "School Board") is a public corporate body organized under Va. Code § 22.1-71 and acts as the governing authority of Fairfax County Public Schools.

25. The School Board maintains its principal administrative offices at 8115 Gatehouse Road, Falls Church, Virginia 22042, where it manages personnel, payroll, and human resources decisions for FCPS employees.

26. The School Board employs more than 500 individuals within the meaning of 42 U.S.C. § 2000e(b) and is an "employer" covered by both Title VII and the Uniformed Services Employment and Reemployment Rights Act (USERRA).

27. At all times relevant to the allegations herein, the School Board acted through its officers, agents, administrators, and employees, including but not limited to Principal Lindsey Kearns, Assistant Superintendent Dr. Sherry Agnew Wilson, and other supervisory and management personnel of FCPS who exercised authority over Plaintiff's employment conditions.

28. Each of the acts or omissions alleged in this Complaint was committed or caused to be committed by an officer, agent, or employee of the School Board acting within the scope of his or her employment and under color of authority delegated by the Defendant.

**STATEMENT OF FACTS**

29. Plaintiff Clayton R. Allen began employment with Fairfax County Public Schools ("FCPS") in August 2014 after interviewing on July 18, 2014, for the High School Orchestra Director position at Lake Braddock Secondary School ("LBSS"), 9200 Burke Lake Road, Burke, Virginia 22015.

30. At the time of hire and throughout his FCPS employment, Plaintiff also served and continues to serve in the U.S. Army National Guard, periodically performing federally protected military service.

31. From 2014 through August 2023, Plaintiff taught orchestra at LBSS, directed student ensembles, organized concerts, managed instructional budgets and booster-organization funds, and maintained building access authorized for program preparation outside normal school hours.

32. Between 2014 and 2021, Plaintiff received satisfactory or higher performance evaluations and no formal disciplinary action.

33. In late 2021, disputes arose concerning communication procedures with parents and booster organization activities.

34. On November 12, 2021, Plaintiff emailed Assistant Principal Dr. Jennifer L. Harris requesting approval for a proposed parent communication. Dr. Harris responded the same day authorizing its release.

35. However, on November 22, 2021, Dr. Harris issued a memorandum to Plaintiff alleging a violation of communication protocol related to that correspondence.

36. On February 1, 2022, Plaintiff circulated a draft email to Dr. Harris and Principal Daniel W. Smith regarding an orchestra parent meeting. Dr. Harris replied that same morning directing minor edits and confirming no administrative restrictions on program operations.

37. On February 11, 2022, FCPS issued Plaintiff a written reprimand citing failure to adhere to communication directives and for scheduling a meeting concerning the Lake Braddock Orchestra Boosters (LBOB) without administrative presence. Plaintiff states that the message and event had been pre-cleared by administration.

38. On April 13, 2022, Principal Smith issued Plaintiff a memorandum raising concerns about the timing and accounting of orchestra funds. Plaintiff responded that he used FCPS's Charms accounting system, deposited receipts daily, and that Finance Officer Danny Sayre monitored these transactions.

39. On May 27, 2022, FCPS issued Plaintiff another memorandum referencing an LBOB complaint about exclusion from a concert and an alleged overdrawn account. Plaintiff disputed both claims and provided written parent statements confirming proper participation and approved expenditures.

40. In June 2022, Plaintiff met with Region 4 Assistant Superintendent Penny Gros and Acting Principal Lindsey Kearns to address booster relations and funding concerns. No disciplinary action resulted from that meeting.

41. On October 4, 2022, instructional observer Teri Hampton evaluated a parent-orientation session conducted by Plaintiff and rated the presentation as well organized and professional.

42. On October 7, 2022, FCPS convened an Intervention Team meeting led by Patti Brown to discuss professionalism and communication. In a follow-up meeting on January 6, 2023, continued improvement was acknowledged and noted.

43. On January 17, 2023, FCPS issued an Intervention Exit Memo noting "progress has been noted," citing enhanced communication and collaboration with LBOB officers and colleagues.

44. On January 25, 2023, FCPS reprimanded Plaintiff for entering the LBSS building between 2:00 a.m. and 7:00 a.m. on a weekend while on military leave. Plaintiff reported that after-hours access had been authorized since 2014 for lesson preparation before military duty.

45. On February 1, 2023, Plaintiff began an approved period of military leave lasting through the end of the 2022–2023 school year.

46. On June 6, 2023, Principal Kearns sent Assistant Superintendent Dr. Sherry A. Wilson a memorandum recommending administrative transfer of Plaintiff under Regulation 4240.6(IV)(A), citing building-access, communication, and professional relationship concerns.

47. On August 4, 2023, Plaintiff met with Dr. Wilson and Division Counsel Ellen D. Kennedy to discuss the recommendation. Plaintiff objected to the transfer.

48. On August 9, 2023, Dr. Wilson issued a formal letter finalizing Plaintiff's transfer effective August 11, 2023, to Fort Belvoir Elementary School, 17401 Jefferson Davis Highway, Fort Belvoir, Virginia 22060. The letter referenced Regulation 4240(IV) and approved a Step 13 salary increase of $2,659.00 to offset the loss of the $6,500.00 orchestra stipend.

49. On August 11, 2023, Plaintiff submitted a written rebuttal disputing the grounds for transfer, stating that building access, communications, and finances had been properly handled and noting his record of military service.

50. Beginning in August 2023, Plaintiff worked as an elementary strings teacher assigned to multiple schools including Fort Belvoir Elementary; Fairview Elementary; Laurel Ridge Elementary; Hunt Valley Elementary; and Orange Hunt Elementary, requiring Plaintiff to travel among campuses averaging 315 miles per week.

51. On October 13, 2023, the U.S. Army G-6 Security Manager issued a memorandum confirming Plaintiff's Top Secret (Tier 5) clearance with an investigation date of September 25, 2023, and clearance date of October 2, 2023.

52. On November 1, 2023, Deven Judd, a parent chaperone, emailed FCPS administrators commending Plaintiff's professionalism during the 2023 New York City orchestra trip. Plaintiff forwarded that correspondence on November 17, 2023, to his supervisors.

53. On June 3, 2024, Plaintiff executed and filed with the Equal Employment Opportunity Commission, Charge No. 570-2024-03247, alleging race discrimination and retaliation. The Charge listed October 2022 as the time of the first incident, and August 9, 2023, as the most recent incident, also marked "continuing action."

54. On August 9, 2024, FCPS submitted its Position Statement to the EEOC denying the allegations and citing documented performance issues.

55. On October 8, 2024, Plaintiff filed a Rebuttal Statement with supporting emails, evaluations, and witness declarations.

56. From 2024 to 2025, Plaintiff remained in the elementary assignment and continued to travel between four schools each week.

57. On February 18, 2025, Plaintiff emailed EEOC Investigator Nohemi Enriquez and counsel reporting that LBSS issued a public recognition post on social media listing former orchestra staff but omitting Plaintiff's name, despite his decade of service and attendance at the event.

58. On June 16, 2025, Plaintiff documented that his 2025–2026 assignment required service at four schools totaling approximately 488 miles per week, a 55% increase from the prior year. Plaintiff noted that no other FCPS music teacher had an equivalent travel load.

59. On June 18, 2025, Plaintiff emailed the EEOC and a memorandum titled, "Legal Argument Supporting Discrimination, Harassment, and Retaliation Claim – Lake Braddock Orchestra Replacement," identifying the three directors hired to replace him—Diana Chou, Austin

Isaac, and Austin Johnson-Stawarz—all of whom are non-Black and less experienced than Plaintiff.

60. On July 7, 2025, Plaintiff's submitted a rebuttal to EEOC Pre-Determination Findings, pointing to the omission of favorable documentation from its deliberations including the October 4, 2022, positive observation and the January 17, 2023, Intervention Exit Memo.

61. On August 7, 2025, the EEOC transmitted by email a Determination and Notice of Rights (Notice of Right to Sue) for EEOC Charge No. 570-2024-03247, notifying Plaintiff that he had ninety (90) days from receipt to file suit.

62. On August 25, 2025, EEOC Investigator Nohemi Enriquez sent a closure letter confirming the August 7, 2025, right-to-sue notice and enclosing the final decision.

63. Plaintiff remains an FCPS employee assigned to the elementary-music program and continues to perform duties consistent with his military-service obligations and FCPS employment.

## LEGAL CLAIMS

### COUNT I – RACE DISCRIMINATION (TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000

64. Plaintiff realleges paragraphs 1 through 63 as if fully set forth herein.

65. Defendant Fairfax County School Board is an "employer" under 42 U.S.C. § 2000e, employing with approximately 24,700 employees in an industry affecting commerce.

66. Plaintiff is African American and therefore a member of a protected class.

67. Plaintiff was qualified for his position as Orchestra Director at Lake Braddock Secondary School (LBSS) and performed competently, as reflected by positive evaluations issued on October 4, 2022, and the January 17, 2023, Intervention Exit Memo stating that "progress has been noted."

68. Between October 2022 and August 2023, Plaintiff was repeatedly subjected to negative memoranda and a reassignment that materially altered his employment conditions.

69. On August 9, 2023, FCPS transferred Plaintiff from LBSS to Fort Belvoir Elementary School, eliminating his high-school orchestra responsibilities and the $6,500.00 annual stipend associated with them.

70. The replacement of Plaintiff at LBSS by three non-Black employees with lesser tenure and experience, occurred immediately following the transfer decision.

71. Non-Black music teachers who engaged in comparable communications or financial procedures were not reprimanded or transferred.

72. Plaintiff's race was a motivating factor in Defendant's decision to remove him from his long-standing position and to reassign him to a less desirable, multi-school elementary assignment.

73. These acts constitute discrimination in the terms, conditions, and privileges of employment in violation of Title VII, 42 U.S.C. § 2000e.

74. As a direct result, Plaintiff has sustained loss of compensation, diminished professional standing, and emotional distress.

### COUNT II – RETALIATION (TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000

75. Plaintiff realleges paragraphs 1 through 74 as if fully set forth herein.

76. Beginning in June 2022, Plaintiff opposed practices he reasonably believed were discriminatory when he raised concerns of unfair treatment to Assistant Superintendent Penny Gros and Acting Principal Lindsey Kearns.

77. Plaintiff further engaged in protected activity when he objected to the June 6, 2023, transfer recommendation during the August 4, 2023, HR meeting, and by filing EEOC Charge No. 570-2024-03247 on June 3, 2024.

78. Subsequent to these protected actions, Defendant, through its agents, undertook materially adverse steps, including finalizing the transfer on August 9, 2023; assigning Plaintiff an unusually burdensome four-school travel schedule (~315 miles/week) for 2024-2025; omitting Plaintiff from a February 18, 2025, LBSS public recognition posting; and increasing his travel obligation to approximately 488 miles/week for the school year 2025-2026.

79. The temporal proximity between Plaintiff's complaints and these adverse actions supports a causal connection.

80. Defendant's conduct was intended to dissuade Plaintiff from engaging in further protected activity and constitutes retaliation in violation of 42 U.S.C. § 2000e.

81. As a result, Plaintiff incurred lost income, additional commuting expenses, reputational harm, and emotional distress.

### COUNT III – DISCRIMINATION BASED ON MILITARY SERVICE UNDER (USERRA, 38 U.S.C. § 4311, amended by the Senator Elizabeth Dole 21st Century Veterans Healthcare and Benefits Improvement Act, Pub. L. No. 118-210 (2024) ("DOLE Act")

82. Plaintiff realleges paragraphs 1 through 81 as if fully set forth herein.

83. Plaintiff, as a member of the U.S. Army National Guard, performed uniformed service protected by USERRA § 4311(a).

84. The Dole Act strengthened § 4311's anti-retaliation and anti-discrimination language by prohibiting any "other retaliatory action" against service members.

85. Defendant's conduct, as alleged, denied Plaintiff the same employment benefits and status he would have enjoyed absent his military obligations, contrary to § 4311(a).

86. Under the Dole Act amendments, Plaintiff seeks all remedies authorized by 38 U.S.C. § 4323(d), including lost wages, liquidated damages for any willful violation, and interest up to three percent on any back pay award.

87. Defendant FCPS is an employer covered by USERRA under 38 U.S.C. § 4303(4).

88. On January 25, 2023, Defendant reprimanded Plaintiff for entering the LBSS building while on military leave, although after-hours access had been permitted since 2014 for lesson preparation.

89. Principal Kearns's June 6, 2023, transfer memorandum referenced incidents occurring immediately before and during Plaintiff's military leave period as part of the stated justification for transfer.

90. Plaintiff's military-service obligations were a substantial or motivating factor in Defendant's decision to transfer him from LBSS and to remove him from high school level duties.

91. Defendant has been denied Plaintiff benefits of employment and discriminated against him in violation of USERRA § 4311(a).

## COUNT IV –RETALIATION FOR EXERCISE OF RIGHTS UNDER USERRA 38 U.S.C. § 4311

92. Plaintiff realleges paragraphs 1 through 91 as if fully set forth herein.

93. Plaintiff exercised rights protected by USERRA by taking approved military leave and by communicating those rights to FCPS administrators.

94. After returning from military service in August 2023, Plaintiff was subjected to adverse employment actions, including placement in an elementary itinerant position substantially

below his prior level of responsibility; increased travel assignments during 2024-2025 and 2025-2026; and failure by FCPS to notify his assigned schools of his authorized 2025-2026 military leave, causing questions about his attendance.

95. Defendant's actions were motivated, at least in part, by Plaintiff's exercise of his USERRA rights, in violation of 38 U.S.C. § 4311(b).

96. After his return from service, Defendant subjected Plaintiff to adverse actions described above.

97. Section 4311(b), as revised by the Dole Act, prohibits an employer from taking an employment action or other retaliatory action against a person because of such exercise of rights. Pursuant to 38 U.S.C. § 4323(d)(1)(C) and the Dole Act amendments, Plaintiff requests the statutory remedies available under USERRA, including reinstatement, back pay, liquidated damages for any willful violation, and mandatory attorneys' fees and costs.

98. As a consequence, Plaintiff experienced loss of earnings, diminished professional opportunities, and reputational injury.

## **REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff Clayton R. Allen, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant Fairfax County School Board, and grant the following relief as authorized by law:

a. A declaratory relief that Defendant's actions violated Title VII and USERRA;

b. An order directing Defendant to cease further discrimination or retaliation, expunge adverse records, and reinstate Plaintiff to a position equivalent to his former high school level post, or award front pay in lieu thereof.

c. Compensatory and punitive damages under Title VII;

 d. Appropriate monetary relief, in an amount to be determined by the jury, together with liquidated damages under 38 U.S.C. § 4323(d);

 e. Payment of attorneys' fees and legal costs with interest; and

 f. Such other equitable relief, as determined by this Honorable Court.

Date:  November 4, 2025      Respectfully Submitted,

              /s/ Pamela Johnson Branch
              ____

              _____
              Pamela Johnson Branch, Esq.
              VSB #41008
              TULLY RINCKEY, PLLC
              2001 L Street, N.W., Suite 902
              Washington, D.C. 20036
              202-375-2241 (office)
              202-640-2059 (fax)
              pbranch@fedattorney.com

              *Counsel for Plaintiff, Clayton Allen*

## **CERTIFICATE OF SERVICE**

  I certify that the foregoing Complaint was filed on November 4, 2025, via CM/ECF, on behalf of Plaintiff, with an email copy to the following party:

Clayton R. Allen, *Plaintiff*
15804 Kensington Palace Court
Gainesville, VA 20155
callen8091@aol.com

        BY:


        /s/ Pamela Johnson Branch
        _____
        _____
        Pamela Johnson Branch, Esq.
        VSB #41008
        TULLY RINCKEY, PLLC
        2001 L Street, N.W., Suite 902
        Washington, D.C. 20036
        202-375-2241 (office)
        202-640-2059 (fax)
        pbranch@fedattorney.com